## WESTERN UNION TELEGRAPH CO. v. HARRIET JONES.

1. TELEGRAPH COMPANIES. *Messages. Contract to transmit. Blanks.*

    A telegraph company is bound to transmit a message, although written on paper other than its usual blanks, if it is received by its operator, and paid for by the sender, as a message to be sent.

2. SAME. *Operator must know company's offices.*

    It is within the apparent scope of the operator's agency to know to what places messages can be sent, and, if he receives a message for a place through which the company's line runs, and accepts pay therefor, agreeing to send it, the company will be liable for failure to transmit it, although it has no office in, and does no business at, such place.

3. SAME. *Failure to deliver. Excuse. Sending by telephone.*

    In such case, the telegraph company cannot show, as an excuse for failure to transmit and deliver such message, that the operator, on learning that the company did no business at the point, forwarded the message by telephone, if the telephone message was not promptly delivered to the sendee.

4. SAME. *Failure to transmit. Statutory penalty. Act 1886.*

    In all cases where a telegraph company is under obligation to transmit and deliver a message, the penalty prescribed by the act of 1886 (Laws, p. 91) for failure to do so applies.

5. SUPREME COURT. *Verdict not objected to.*

    This court will assume that a verdict is correct, and will not disturb it, if no motion was made to set it aside, and there is no error in the rulings of the court specially excepted to during the trial.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Harriet Jones brought this action to recover one hundred and fifty dollars damages from the Western Union Telegraph Company for its failure to transmit and deliver the following message sent by her: "To Patsie Greenwood, Clinton, Miss.:

Ella died last night.  Send wagon.  Have grave dug." Ella
was the little daughter of plaintiff, who had her home in Clin-.
ton with her older sister, Patsie Greenwood, the sendee of the
message, but, at the time of her death, was visiting her mother
in Jackson.  The message was not written on a blank of the
company, but on ordinary paper, and, in this form, was
handed to the operator of the defendant in one of its offices
in Jackson, he receiving the same without objection, together
with prepayment of the charges, and promising to send it
promptly.

Clinton is a railroad station, only a few miles from Jack-
son, and, at that time, the Western Union Telegraph Com-
pany had no office there for the transaction of general busi-
ness, and kept no operator there.  Its line ran through
Clinton, but was used there only by the railroad company,
and for railroad business.  The operator of defendant at
Jackson, when he received the above message, did not know
that the company did not have an office at Clinton, and when,
shortly after receiving it, he learned the fact, he procured the
manager of the public telephone office in Jackson to send the
message to Clinton by telephone.  This message, however, if
sent, was never delivered to the sendee.  When plaintiff, sev-
eral hours after giving the message to the operator, inquired
of him if he had received any reply, he told her the answer
would not come to his office, which was at the railroad sta-
tion, but would come to the other or "up-town" office.
Having failed to get any telegram in reply during the day,
she again applied to the same operator, and, as she testifies,
was rudely ordered to leave the office.  The damages claimed
included $25, the penalty prescribed by the act of 1886 (Laws,
p. 91), for negligent failure to transmit and deliver the mes-
sage, $16 expenses incurred by plaintiff in the burial of her
child, and the remainder of the sum demanded being for
mental suffering and anguish.  Upon motion of the defend-
ant, the court excluded the evidence as to the burial ex-
penses, but overruled its objection to the original telegram

because it was not written on a blank of the company.
The court likewise excluded the evidence offered by defendant to show that the message was forwarded to Clinton by
telephone.

The court, by its instructions for plaintiff, announced that
the failure of the defendant to transmit and deliver the message, under the circumstances in evidence, was negligence, and
made it liable for the statutory penalty and the cost of the
telegram.    The jury, however, disregarding the instructions,
returned a verdict for fifty dollars and forty cents.    The defendant made no motion to set aside or reduce the verdict,
since a *remittitur* to an amount less than fifty dollars would
have cut off the right of appeal, but appealed upon a special
bill of exceptions, setting forth the evidence and the foregoing rulings of the court, made during the trial.

*Mayes & Harris*, for appellant.

1. The statutory penalty was not recoverable, since the defendant had no office at Clinton.    The statute was intended
only to punish the company for not doing what it could be
compelled to do, and what it held itself out as doing.    The
wrong, if any, was in not informing plaintiff that there was
no office at Clinton, but to this wrong the penalty does not
apply.    The statute should not have such a construction.
The reason of the law should prevail over its letter.    Bishop,
Written Law, 84, 201.

2. There was no authority in the operator to bind the company by agreeing to send the telegram to Clinton.    His effort
to do so was not within the scope of his agency.

3. Messages must be written on the company's blanks, or it
will not be bound.    *Telegraph Co.* v. *Dozier*, 67 Miss., 288;
*Telegraph Co.* v. *Liddell*, 68 *Ib.*, 1.    See also *Sevier* v. *Railroad Co.*, 61 *Ib.*, 8.

4. It was error to exclude the evidence that the message
was transmitted by telephone.

*M. M. McLeod,* for appellee.

The defendant is estopped to assert non-liability, (1) because it failed to inform plaintiff that it had no office at Clinton, but promised to send it; (2) because it made no objection to the form of the message—that it was not on a blank; (3) because it accepted the price of the message; (4) the paper was treated in all respects as a message to be transmitted. I find no law requiring the use of blanks. There is no evidence that the office was supplied with them, or that their use was required by the company of its patrons. See 39 Fed. Rep., 185.

The act of 1886 is clearly applicable. The evidence that the message was forwarded by telephone was incompetent. It was not delivered, and non-delivery is the thing complained of.

CAMPBELL, C. J., delivered the opinion of the court.

There is no error in the rulings of the court on the trial of this case, and as the result reached was not complained of in the circuit court, but was acquiesced in for the purpose of entitling the defendant to appeal to this court, and test the correctness of the rulings of the judge, we will not disturb it. We assume that the verdict is right, since no motion was made to set it aside, and we find no fault with the action of the court specially excepted to.

The fact that the message was written on paper other than the blanks usually employed, made no difference, since it was received and paid for as a message to be sent; and the fact that the company had no office or agent at Clinton is not an excuse for failure to transmit and deliver the message received by its agent, and paid for as such. It was peculiarly within the apparent scope of the agency of the company's agent at Jackson to know to what places messages could be sent, and, having received the message to be sent to a place where the company had a wire, the company was liable for

the failure to transmit and deliver, according to the contract with the sender.

If the agent who received the message for transmission, not knowing that Clinton was a place at which the company did no business, had sought the plaintiff, on learning his mistake, and had informed her of it, and returned her the money paid him, a different question would have been presented; but he did not do this, and, recognizing his obligation to send the message, did it by telephone, which was offered to be shown as an excuse for the non-delivery complained of. There was no error in excluding the proposed evidence of the transmission of the message by telephone, as its non-delivery was the cause of complaint. If it had been promptly delivered to the person to whom it was addressed, all ground of complaint would have been prevented.

The penalty prescribed by statute for failure to transmit and deliver messages promptly, applies in every case in which there is an obligation to do these things.

*Affirmed.*